NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 10-506

STEPHEN DELCAMBRE, ET AL.

VERSUS

THADDEUS JONES, ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 71382
HONORABLE PAUL JOSEPH DEMAHY, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and David E. Chatelain,* Judges.

AFFIRMED.

John G. Poteet, Jr.
P. O. Box 4603
Lafayette, LA 70502
(337) 237-5911
Counsel for Plaintiffs/Appellants:
Stephen Delcambre
Mike Trahan

---

* Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Ian Alexander Macdonald**
**Jones Walker**
**P. O. Drawer 3408**
**Lafayette, LA 70502-3408**
**(337) 262-9000**
**Counsel for Defendants/Appellees:**
**Farmers Insurance Exchange**
**Jeffrey Schommer**

**James Walter Hailey, III**
**Katie M. Cusimano**
**Hailey, McNamara, Hall**
**P. O. Box 8288**
**Metairie, LA 70011-8288**
**(504) 836-6500**
**Counsel for Defendant/Appellee:**
**Thaddeus Jones**

**Donna P. Green**
**P. O. Box 17947**
**Hattiesburg, MS 39404-7947**
**(601) 271-9031**
**Counsel for Defendant/Appellee:**
**Vanguard Car Rental Claims, Inc.**

**Michael R. Barnes**
**Barnes & Green, P.A.**
**P. O. Box 17047**
**Hattisburg, MS 39404**
**(601) 271-9031**
**Counsel for Defendant/Appellee:**
**Vanguard Car Rental Claims, Inc.**

**EZELL, JUDGE**.

Stephen Delcambre and Mike Trahan (the Plaintiffs) appeal the trial court's dismissal of their claims against Jeffery Schommer arising out of an accident involving a vehicle rented, but not driven, by Mr. Schommer. For the following reasons, we hereby affirm the decision of the trial court.

On September 24, 2006, the Plaintiffs were stopped at a red light on U.S. Highway 90 when a 2006 Chevrolet Impala struck them from behind. The Impala was driven by Thaddeus Jones, although it had been rented by Mr. Schommer. Mr. Jones was intoxicated at the time of the accident and later pled guilty to D.W.I. The Plaintiffs filed suit against Mr. Jones and Mr. Schommer, eventually settling with and dismissing Mr. Jones and his insurer. After a trial in the continuing suit against Mr. Schommer, the defense moved for an involuntary dismissal after the presentation of the Plaintiffs' evidence, which was granted by the trial court.

From that decision, the Plaintiffs appeal, claiming as their sole assignment of error that the trial court erred in finding Mr. Schommer was not bound in solido with Mr. Jones and dismissing their claims.

Louisiana courts have consistently found that a driver's negligence is not imputed to a guest passenger. "This jurisprudential rule recognizes the fact that an automobile passenger is generally incapable of influencing the driver's behavior: 'it is unrealistic to hold . . . that the occupant of a motor vehicle has factually any control or right of control over the driving of the operator.'" *Adams v. Sec. Ins. Co. of Hartford*, 543 So.2d 480, 485 (La.1989); *see also Bozeman v.Reed*, 92-858 (La.App. 1 Cir. 3/11/94), 633 So.2d 944, *writs denied*, 94-0840, 94-0862, 94-0884 (La. 6/24/94), 640 So.2d 1345; *Alford v. Woods*, 614 So.2d 1299 (La.App. 3 Cir.) *writs denied,* 617 So.2d 915 (La.1993).

1

However, Plaintiffs claim that Mr. Schommer could be held liable with Mr. Jones in solido under La.Civ.Code art. 2324(A), which reads, "He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act."

Even accepting the Plaintiffs' assertions concerning this statute's applicability to the facts of this case for the sake of argument, the record before this court is completely devoid of any evidence whatsoever that Mr. Schommer conspired with Mr. Jones to commit any act, intentional or otherwise. No evidence was offered detailing the circumstances concerning how Mr. Jones became the driver of Mr. Schommer's rented vehicle. In fact, the only evidence in the record concerning Mr. Schommer whatsoever is that he was so intoxicated that he was blacked out on the side of the road after the accident, unable to speak or even sit up. As noted by the trial court, this suggests that Mr. Schommer was unable to give any consent to the actions taken by Mr. Jones more than it implies any conspiracy on his part. Moreover, Mr. Schommer's intoxication alone certainly does not prove the conspiracy the Plaintiffs are required to demonstrate in order to hold Mr. Schommer liable in solido with Mr. Jones under La.Civ.Code art. 2324. The Plaintiffs simply failed to set forth sufficient evidence to prove their claims. We can find no error in the trial court's ruling.

Based on Louisiana's long-held jurisprudential rule that a driver's negligence is not imputed to a guest passenger and the records before us, we cannot find any error in the trial court's decision to dismiss the Plaintiffs' cases.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against the Plaintiffs.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules Court of Appeal. Rule 2-16.3.